**FERGUSON v. ROBERTS.    (No. 7845.)**

Court of Civil Appeals of Texas.    San Antonio.    Dec. 14, 1927.

**1. Brokers ⬳86(1)—In action for commissions on sale of stock, evidence held sufficient to sustain finding for plaintiff.**

In action to recover commissions for shares of stock alleged to have been sold at request of defendant, evidence *held* sufficient to sustain finding of jury for plaintiff on special issues.

**2. Appeal and error ⬳1050(2)—In broker's action for commission, evidence of bank's financial condition when stock was sold, if error, held harmless.**

In action to recover commissions alleged to have been earned by selling shares of stock at request of defendant, who was president of bank in which stock was sold, admitting evidence that financial condition of bank was better when defendant refused to pay than when first commissions were paid, though not pertinent to issues, if error, *held* harmless.

Appeal from Dallas County Court at Law No. 2; Wm. M. Cramer, Judge.

Action by C. S. Roberts against H. W. Ferguson. Judgment for plaintiff, and defendant appeals. Affirmed.

Renfro, Ledbetter & McCombs, of Dallas, for appellant.

J. L. Lipscomb and Cockrell, McBride, O'Donnell & Hamilton, all of Dallas, for appellee.

FLY, C. J. Appellee sued appellant to recover commissions for selling certain shares in the Dallas Joint-Stock Land Bank, it being alleged that appellant agreed to pay appellee $5 a share, and that he sold 65 shares, for which service he was entitled to $325.

The cause was submitted on special issues to a jury, and on the answers made by them judgment was rendered in favor of appellee for $355.95, amount of principal and interest asked by appellee.

The evidence shows that appellant employed appellee to sell shares owned by him in the Dallas Joint-Stock Land Bank at $5 per share, and that he sold 50 shares to Miss Webb, and 15 shares to W. J. McKie, but appellant failed and refused to pay him his commission. We find that there is evidence to sustain the findings of the jury.

[1] The first proposition is decidedly technical, and not well founded. There was evidence tending to show that Ferguson, president of the bank, owned a large number of shares in the bank; that he employed appellee to sell shares; and that he owned the shares sold by appellee to Miss Webb and McKie. Appellant swore that he bought the shares and sold them to Miss Webb at a profit of $5 per share. J. R. Webb, who acted for his daughter, Miss Edna May Webb, paid appellant for the shares, and he swore:

"The stock was bought from Mr. H. W. Ferguson. He told me it was his individual stock, but I have no individual knowledge as to where the stock came from."

Appellee induced J. R. Webb to go from Corsicana to Dallas and close a purchase of the shares from appellant. Appellee testified that he had sold a large number of shares for appellant in Corsicana, and appellant had always paid him $5 per share. He testified that

he sold 50 shares to J. R. Webb for his daughter, and that he sold 15 shares to W. J. McKie, who already had 385 shares, and appellee induced him to buy enough shares to make his number 400. Ferguson received the money for the 65 shares for himself.

[2] The testimony that the financial condition of the bank was better when appellant refused to pay the commissions than when the first commissions were paid may not have been pertinent to the issues, but, if so, it was utterly harmless.

There is no merit in any of the assignments of error, and the judgment will be affirmed.